IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DOLORES O. GUTIERREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1153-SSA-CV-W-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Dolores Gutierrez seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She claims she became disabled beginning on September 24, 2002. The parties' briefs were fully submitted, and on November 15, 2005, the court heard oral arguments. A follow-up conference was held on November 29, 2005.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Gutierrez was born in 1949, speaks Spanish and has a sixth-grade Mexican education. She does not read or write English. She previously worked as a cook, and her earnings record was good with steady employment. She states she is disabled because of osteoarthritis and neck pain. In addition, she was treated for thyroid cancer, indicated her condition had worsened after she quit working, was frequently fatigued from any exertion

2

Case 4:04-cv-01153-WAK   Document 18   Filed 12/06/05   Page 2 of 3

and because of her medications, and had been unable to afford a prescribed neck brace. Her children helped her with housework and some grooming.

The Administrative Law Judge (ALJ) found claimant had osteoarthritis and cervical degenerative joint disease, but could do her past work. No vocational expert was called.

Gutierrez' medical records, including objective tests, clearly report degenerative disc disease with associated spondylosis (Tr. 105) and advanced multilevel degenerative disc disease, uncovertebral joint hypertrophy and facet arthropathy (Tr. 110). She underwent physical therapy as recommended, but her pain did not abate.

The ALJ found claimant had failed to submit sufficient medical evidence to support her claim, but he did not request an outside consultation or otherwise develop the record. Even without further development, a careful reading of the record, including the medical opinions and testimony, shows claimant was not capable of returning to her former work as she performed it. Thus, the ALJ erred. Likewise, his credibility finding was not adequately explained or supported by the record.

Accordingly, the case will be reversed and remanded to the Commissioner for further development of the record and a determination of whether claimant is entitled to benefits. The court notes Gutierrez also asserts an entitlement to benefits after she turned 55 years of age based upon the Medical Vocational Guidelines, and this claim should be considered upon remand.

For these reasons, those set forth in claimant's brief and those articulated at the hearing and conference, the court finds Gutierrez is not capable of returning to her former work. It is, therefore,

ORDERED that the decision of the Commissioner is reversed and this case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further development of the record and a determination of whether Gutierrez is entitled to benefits both before and after she turned 55 years of age.

Dated this 6th day of December, 2005, at Jefferson City, Missouri.

/s/
WILLIAM A. KNOX
United States Magistrate Judge